UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
CIVIL DIVISION

| | | |
|---|---|---|
| ANTOINE WIGGINS, | : | |
| | : | Civ. Action No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | 06  148 |
| | : | |
| STATE OF DELAWARE, | : | |
| DEPARTMENT OF TRANSPORTATION, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

COMPLAINT

The plaintiff states the following as his Complaint against defendant:

JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 and 28 U.S.C Section 1367. Plaintiff commenced this amended action within 90 days after receipt of his right to sue letter from the U.S. Department of Justice.

PARTIES

2.  Plaintiff, Antoine Wiggins, resides at 1734 West 4th Street, Wilmington, DE 19805.

1

3.  Defendant is the State of Delaware, Department of Transportation, which has offices located at 400 South Madison Street, Wilmington, DE 19801, which is located in this judicial district.

## FACTS

4.  Plaintiff began working for defendant in about September 1999 as a bus driver.

5.  In March 2002, plaintiff was diagnosed with Type II diabetes, which means his is insulin dependent. This serious medical condition qualifies as a disability under the Americans With Disabilities Act, because it substantially limits one or more major life functions of persons suffering from this ailment, such as the plaintiff herein.

6.  Plaintiff advised defendant of his diagnosis of Type II diabetes in March 2002. Defendant and its agents were very much aware of plaintiff's disability at all times material hereto.

7.  In May 2002, plaintiff requested intermittent leave as needed for expected periodic side effects which would temporarily

disable him from work for short durations of time.

8. Defendant granted plaintiff's request for accommodation by pre-approving him for intermittent leave pursuant to the FMLA. However, defendant denied plaintiff's reasonable request for a daily break to accommodate his taking of his medication and so he could thereafter eat lunch because his medication had to be followed by a meal.

9. Despite, defendant's denial of plaintiff's request for a daily break, plaintiff was able to perform the essential functions of his former job with the aforesaid reasonable accommodation for intermittent leave.

10. From November 9 through 11, 2002, plaintiff suffered from side effects of his Type II Diabetes in that his blood sugar levels dropped so much than he was rendered unable to work for several days. His physician certified him as "unable to work" for this time period.

11. Defendant would not allow plaintiff to return to work on November 12, 2002, and notified plaintiff that he was terminated on November 21, 2002 for allegedly failing to properly call out sick on November 9, 2002 and November 11, 2002.

Defendant's proffered reason for terminating plaintiff was untrue and was used to mask the true reason which was because plaintiff was disabled and because he had requested accommodation for his disability.

12.   Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of the discriminatory treatment to which defendant's agents subjected him.

13.   By and through its course of conduct, defendant violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, by discriminating against and firing plaintiff based upon his disability and in retaliation for his requesting a reasonable accommodation for his disability, and defendant unlawfully denied plaintiff reasonable accommodation by terminating him while he was attempting to exercise his rights under the ADA by taking intermittent leave.

WHEREFORE, the plaintiff prays that this Court:

a) accepts jurisdiction over this matter;

b) impanels and charges a jury with respect to the causes of action; and,

c) awards the following damages:

I.   Back pay, front pay, and all lost benefits

along with pre and post judgment interest;

    ii. Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that disability discrimination in employment is repulsive to legislative enactments;

    iii. Attorney's fees, costs, and expenses as provided for by applicable federal, and New Jersey state statutes;

    iv. Require defendant to offer and, if accepted by plaintiff, to reinstate him to the same position from which it illegally terminated him; and,

    v. Any other relief which this Court deems just and equitable.

Dated:

ANTOINE WIGGINS
Pro Se Plaintiff

1734 West 4th Street
Wilmington, DE 19805
(302) 622-8135

JS 44 (Rev. 3/99)    CIVIL COVER SHEET    06 148

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Antoine Wiggins

### DEFENDANTS
State of Delaware, Department of Transportation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se  (302) 622-8135
1734 West 4th Street Wilm., DE

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act |  |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land |  / ☐ 530 General | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Americans With Disabilities Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 3-6-06
SIGNATURE OF ATTORNEY OF RECORD  Antoine Wiggins

FOR OFFICE USE ONLY

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06   148__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

MAR 0 6 2006
_____            _____
(Date forms issued)                          (Signature of Party or their Representative)

                                              Antoine L. Wiggins
                                              _____
                                              (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:  C.A.#  __06  148 - ____

CASE CAPTION: __Wiggins__ v. __State of DE, et al__

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

    I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received by Plaintiff: __MAR 0 6 2006__    Signed: _____
                                                               Pro Se Plaintiff

Date Received by Clerk's office: __MAR 0 6 2006__    Signed: _____
                                                               Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04